**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 8484 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JOHN DOE subscriber assigned IP address | ) | |
| 98.228.213.184, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This case is one of many copyright infringement actions brought by Malibu Media, LLC ("Malibu Media"), a creator and distributor of adult films, alleging that individuals have used BitTorrent to infringe its copyrights. After filing the complaint, Malibu Media sought leave to serve a third party subpoena on defendant John Doe's internet service provider ("ISP"), Comcast Cable ("Comcast"), prior to holding a Rule 26(f) conference. Doc. 5. The Court granted the motion on December 17, 2013. Doc. 9. Doe now seeks to vacate the Court's order granting early discovery, to quash the subpoena, and to have the Court order Malibu Media to show cause why it and its counsel should not be sanctioned for their conduct in seeking early discovery. Because the Court does not find its prior order to have been improper or that Doe has raised a valid basis to quash the subpoena, the Court denies Doe's motion [12].

## BACKGROUND

In its complaint, Malibu Media alleges that between December 2012 and November 2013 Doe used BitTorrent, a software protocol that allows users to distribute data, including movie files, through peer-to-peer networks, to download, copy, and distribute forty-five of Malibu Media's copyrighted movies without authorization. Malibu Media alleges that it discovered this

by using an investigator, IPP International UG ("IPP"), to establish a direct TCP/IP connection with Doe's IP address and then download bits of each of these forty-five movies. IPP then verified that these downloads corresponded with Malibu Media's copyrighted works.

The complaint only identifies Doe by an IP address, which Malibu Media has been able to trace to a physical address in the Northern District of Illinois. In order to determine Doe's identity and serve Doe with the complaint, Malibu Media sought leave to serve a third party subpoena on Comcast, Doe's ISP, prior to holding a Rule 26(f) conference. That subpoena, which was for the limited purpose of prosecuting this case, sought to discover Doe's name, address, telephone number, and email address. Malibu Media's motion was accompanied by a supporting memorandum and several declarations. One of those declarations was from Tobias Fieser, an IPP employee, who stated that computer(s) using Doe's IP address transmitted the movies identified in the complaint. The Court granted Malibu Media's motion to take discovery prior to the Rule 26(f) conference. Doe subsequently filed an appearance, asking the Court to vacate its order and moving to quash the subpoena issued to Comcast.

## ANALYSIS

### I.      Motion to Vacate and Quash

The Court may quash a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The party moving to quash bears the burden of meeting the requirements of Rule 45. *See Pacific Century Int'l, Ltd. v. Does 1-7*, 282 F.R.D. 189, 193 (N.D. Ill. 2012) (citing *Williams v. Blagojevich*, No. 05 C 4673, 2008

WL 68680, at *4 (N.D. Ill. Jan. 2, 2008)).  Whether to quash a subpoena is within the Court's

sound discretion.  *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

Although neither party raises the issue, as an initial matter, the Court notes that it is

questionable whether Doe has standing to object to the subpoena served on Comcast.  To have

standing to quash the subpoena, the information sought must be privileged or the subpoena must

implicate Doe's "legitimate interests."  *Malibu Media, LLC v. John Does 1-21*, No. 12 C 9656,

2013 WL 2458290, at *2 (N.D. Ill. June 6, 2013).  The Seventh Circuit has not yet addressed the

issue of whether a Doe defendant in a BitTorrent case has standing to challenge a subpoena

issued to his or her ISP, and the district courts in this Circuit are split.  *Compare TCYK, LLC v.*

*Does 1-87*, No. 13 C 3845, 2013 WL 5567772, at *2 (N.D. Ill. Oct. 9, 2013) (defendants have "at

least a minimal privacy interest" in the requested information); *Sunlust Pictures, LLC v. Does 1-*

*75*, No. 12 C 1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012) (Doe had standing based

on "privacy interest in the information requested"), *with Hard Drive Prods. v. Does 1-48*, No. 11

CV 9062, 2012 WL 2196038, at *4 (N.D. Ill. June 24, 2012) (Doe defendants did not have

standing "because internet subscribers must convey their identity and other information to an ISP

in order to establish an account" and thus "do not have a reasonable expectation of privacy in

their subscriber information").

The Court need not decide whether Doe has standing, however, because Doe has not

demonstrated that the subpoena should be quashed.  Essentially, Doe argues that the subpoena

should be quashed because Malibu Media did not present all relevant facts to the Court when

requesting its issuance.  Specifically, Doe contends that Malibu Media should have notified the

Court of the following: (1) that its investigator, IPP, was being compensated pursuant to a

contingency fee arrangement and is not a licensed private detective in Illinois; (2) that IPP is

hiding its actual name and connection with another company, Guardaley, from the Court, Doe, and other defendants Malibu Media has sued; (3) that Fieser does not actually monitor the BitTorrent network as represented in his declaration and that instead a different individual, Michael Patzer, performs that task; and (4) whether Malibu Media had a *prima facie* case of copyright infringement.  Taking the last argument first, Malibu Media specifically set forth in its memorandum in support of its motion for leave to serve the third party subpoena that it has a *prima facie* claim for copyright infringement.  *See* Doc. 6 at 5–6.  And although Doe argues that Malibu Media should have informed the Court of how much of each file Doe had downloaded or shared, the specificity Doe requests is not required at the pleading stage.  *See Malibu Media, LLC v. Doe*, No. 13-C-0213, 2013 WL 5876192, at *2 (E.D. Wis. Oct. 31, 2013) (denying motion to quash subpoena because it was plausible at pleading stage that "a user who has a piece of a file constituting a movie on his computer also has the remaining pieces").  If Doe is contesting whether he actually downloaded entire files, such arguments go to the merits of the action and are "not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."  *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011).

Doe's other three arguments relate to what Doe considers to be illegality and obfuscation surrounding Malibu Media's investigative methods.  Doe maintains that because of these problems, the Court should not have considered Fieser's declaration.  In response to Doe's motion, Malibu Media provides declarations that IPP is paid only for data collection services, that IPP has not been compensated for any work related to this specific case, and that Malibu Media has never paid nor offered to pay Fieser anything for his testimony.  But even if Fieser or IPP were compensated on a contingency basis or otherwise for testimony, in violation of the

rules of professional conduct applicable in this Court or 18 U.S.C. § 201(c)(2), which prohibits paying fact witnesses for their testimony, this does not make evidence obtained in violation of those rules inadmissible but rather only goes to the weight to be accorded to it. *United States v. Dawson*, 425 F.3d 389, 394 (7th Cir. 2005); *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988); *Valentino v. Proviso Twp.*, No. 01 C 557, 2003 WL 21510329, at *3 (N.D. Ill. June 26, 2003). The Court is not convinced that the fact that Malibu Media pays IPP for its services would have changed the decision to grant the subpoena. Thus, Malibu Media's failure to apprise the Court of this fact does not warrant quashing the subpoena.

Doe also argues that IPP is an unlicensed private investigator and thus that its actions in Illinois are illegal. This, Doe contends, should preclude the Court from relying on the Fieser declaration to allow early discovery. Malibu Media responds that IPP is not subject to the Illinois Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004, 225 Ill. Comp. Stat. 447/5-3 *et seq.* Doe is asking the Court to determine what constitutes the unlicensed practice of private investigation, but that is a determination left to the Illinois Department of Financial and Professional Regulation. *See* 225 Ill. Comp. Stat. 447/50-15 (setting forth the role of the Department in overseeing and enforcing the act); *Thompson v. Gordon*, 851 N.E.2d 1231, 1237, 221 Ill. 2d 414, 303 Ill. Dec. 806 (2006). Thus, the Court need not further address this issue here, although this does not preclude Doe from raising the defense on the merits. *See Malibu Media, LLC v. Weiheong Koh*, No. 13-10515, 2013 WL 5853480, at *2 (E.D. Mich. Oct. 30, 2013) (refusing to strike affirmative defense regarding whether Michigan's professional investigator licensure act was violated); *cf. Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 257–58 (D. Me. 2008) (refusing to quash subpoena based on argument that declaration was obtained through unlicensed investigations). *But see Capitol*

*Records Inc. v. Thomas-Rasset*, No. 06-1497 (MJD/RLE), 2009 WL 1664468, at *2 (D. Minn.

June 11, 2009) (Minnesota Private Detectives Act did not apply to plaintiff's investigator that did

not operate in Minnesota and merely monitored incoming internet traffic sent by a computer in

Minnesota). At this stage, the Court sees no need to further delve into the arrangement between

Malibu Media and its investigators to determine whether the subpoena issued to Comcast should

be quashed. To the extent Doe's arguments go to the reliability or accuracy of Malibu Media's

method of identifying Doe's IP address and BitTorrent activity or the role various individuals or

companies played in doing so, they should be raised in mounting a defense to the suit instead of

here. *See TCYK, LLC*, 2013 WL 5567772, at *3 (N.D. Ill. Oct. 9, 2013).

Additionally, Doe briefly argues that Malibu Media did not apprise the Court that up to

30% of those identified as defendants in BitTorrent cases may be innocent and thus that the

subpoena may not identify the correct infringer. But this is not a reason to quash the subpoena,

for even if the person associated with Doe's IP address did not download the files at issue in this

suit, obtaining that person's information "is the logical first step in identifying the correct party."

*TCYK, LLC v. Does 1-44*, No. 13-cv-3825, 2014 WL 656786, at *4 (N.D. Ill. Feb. 20, 2014); *see*

*also reFX Audio Software, Inc. v. Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *2 (N.D.

Ill. July 23, 2013) ("[The] argument that the subpoena should be quashed because the

information sought will not itself identify the actual infringer demonstrates a lack of

understanding of the basic scope of discovery under the federal rules. . . . Relevant information

need not be admissible at trial if the discovery appears reasonably calculated to lead to the

discovery of admissible evidence.").

Finally, Doe cannot argue that the subpoena directed at Comcast imposes an undue

burden on Doe, for it does not require Doe to do anything. *See, e.g., TCYK, LLC*, 2014 WL

656786, at *4; *Purzel Video GmbH v. Does 1-84*, No. 13 C 2501, 2013 WL 4478903, at *3 (N.D.

Ill. Aug. 16, 2013); *reFX Audio Software, Inc.*, 2013 WL 3867656, at *3; *Malibu Media, LLC v.

Reynolds*, No. 12 C 6672, 2013 WL 870618, at *6 (N.D. Ill. Mar. 7, 2013); *Sunlust*, 2012 WL

3717768, at *2. Nor is Doe's disagreement with Malibu Media's litigation tactics a reason to

vacate the Court's order and quash the subpoena. Attempting to besmirch Malibu Media's

reputation "does little to support Defendant's argument that [Malibu Media] did not establish

good cause for the expedited discovery." *Zambezia Film Pty, Ltd. v. Does 1-65*, No. 13 C 1321,

2013 WL 4600385, at *2 (N.D. Ill. Aug. 29, 2013).

As even Doe recognizes, a motion for early discovery is the only manner by which

Malibu Media can determine the identity of alleged infringers. Doc. 20 at 2 n.1. Quashing the

subpoena would effectively prevent Malibu Media from seeking any remedy for the alleged

copyright violations. Allowing the subpoena to stand, however, still provides "Doe Defendants a

full opportunity to deny their liability and to raise any other defenses at the appropriate time if

they are named as defendants." *First Time Videos*, 276 F.R.D. at 251. But because Doe's

counsel has filed an appearance, in this instance, Doe could agree to accept service of the

complaint without the need for Comcast to comply with the subpoena. *See Malibu Media, LLC*,

2013 WL 5876192, at *3. The parties should discuss this option before Malibu Media proceeds

with obtaining the information requested in the subpoena from Comcast. If Doe refuses to

accept service, however, Malibu Media may proceed in enforcing the subpoena on Comcast.

## II.    Doe's Request for an Order for Malibu Media to Show Cause Why It Should Not Be Sanctioned

Doe has also included in his motion a request that this Court order Malibu Media to show

cause why it and its counsel should not be sanctioned pursuant to 19 U.S.C. § 1927 and the

Court's inherent authority for its conduct in seeking early discovery. But because the Court does

not find it appropriate to vacate its prior order and quash the subpoena issued to Comcast, Doe's request is denied.

## CONCLUSION

For the foregoing reasons, Defendant John Doe's motion to vacate the Court's order granting early discovery, to quash the subpoena, and to have the Court order Malibu Media to show cause why it and its counsel should not be sanctioned [12] is denied.

Dated: March 24, 2014

SARA L. ELLIS
United States District Judge