**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 98.228.213.184,<br><br>Defendant. | Case No. 1:13-cv-08484<br><br>The Hon. Michael T. Mason |
| **UPDATED JOINT INITIAL STATUS REPORT** ||

**I. The Nature of the Case**

 A. <u>Attorneys</u>

Plaintiff, Malibu Media, LLC, is represented by Paul J. Nicoletti of Nicoletti Law, PLC, 33717 Woodward Ave, #433, Birmingham, MI 48009, Tel. (248) 203-7800.

The Defendant is represented by Jonathan LA Phillips, of Shay Kepple Phillips, Ltd. His address is 456 Fulton St., Ste. 255, Peoria, Illinois 61602. Mr. Phillips is lead counsel and anticipates becoming a member of the general and trial bars of the Northern District of Illinois in the near future, and in any event, prior to any trial in this matter.

 B. <u>Nature of Claims</u>

On November 24, 2013, Plaintiff filed its Complaint to permanently enjoin Defendant from directly infringing on Plaintiff's copyrighted works and for damages pursuant to 17 U.S.C. § 504-(a) and (c). There are currently no counterclaims in this case.

Defendant admits that Malibu has asserted claims of copyright infringement. Defendant denies that it infringed on the copyrights, that no evidence exists that it infringed the copyrights, and anticipates that it may file a counterclaim for declaratory relief that the works are not

1

protectable under the copyright laws of the United States. Further, Malibu has been made aware that the Defendant is a business, and incapable of doing *anything*, let alone infringing a work. Despite this, Malibu has failed to amend its Complaint.

C. <u>Legal & Factual Issues</u>

In the Plaintiff's opinion, the principal legal issue in this case is whether Defendant willfully infringed on Plaintiff's copyrighted work pursuant to 17 U.S.C. § 101. The principal factual issue is whether Defendant used BitTorrent to download and distribute Plaintiff's work.

In the Defendant's opinion, the fundamental factual issue is whether or not there is any evidence, that it downloaded any Malibu films in question. There cannot be is an impossibility. As noted above, Malibu has been made aware that the Defendant is not an individual, but rather, a legal entity. The fundamental legal issues are whether or not a business without knowledge of any employee, visitor, or other individual engaging in purported copyright infringement can be held liable for the same, Malibu is entitled to statutory damages for its works, whether or not Malibu's films are even protected by the copyright laws of the United States, and whether the damages sought are constitutional.

D. <u>Relief</u>

In its Complaint, Plaintiff requests that the Court:

(a) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrighted works;

(b) Order that Defendant delete and permanently remove the digital media files relating to Plaintiff's works from each of the computers under Defendant's possession, custody or control;

(c) Order that Defendant delete and permanently remove the infringing copies of the works Defendant has on computers under Defendant's possession, custody or control;

(d) Award Plaintiff statutory damages in the amount of $150,000 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c);

(e) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(f) Grant Plaintiff any other and further relief this Court deems just and proper.

Defendant is not the Plaintiff, and not seeking any relief. However, it will seek its attorney's fees and costs, pursuant to §505 of the Copyright Act as authorized by law, as well as any relief sought in a possible counterclaim.

II. **Jurisdiction**

    A. <u>Statutes</u>

The Copyright Act. 17 U.S.C. §101, *et seq*.

    B. <u>Diversity</u>

Not applicable

III. **Status of Service**

Defendant is not served, and no request for a waiver of service has been made pursuant to Fed. R. Civ. P. 4(d).

IV. **Consent to Proceed Before Magistrate**

Counsel for each party has advised the parties that they may proceed before a Magistrate Judge. There is unanimous consent to do so.

V. **Motions**

    A. <u>Pending</u>

There are no pending motions.

B. <u>Method of Responding to Complaint</u>

Defendant anticipates that it will respond to the Complaint, if necessary, by Answer, Affirmative Defenses, and possible Counterclaims.

VI. **Case Plan**

    A. <u>Discovery Plan</u>

        (1) Generally, the parties agree that Interrogatories, Requests to Admit, Requests for Production, including ESI, and depositions of key individuals will be required.

        (2) The parties Rule 26(a)(1) disclosures shall be provided on, or before, July 7, 2014.

        (3) All written discovery shall be issued on, or before, November 12, 2014.

        (4) All fact discovery shall be completed by December 12, 2014.

        (5) Plaintiff's expert shall disclosed, along with all required reports, on or before October 10, 2014. Defendant's expert should be disclosed, along with all required reports, on or before, November 10, 2014.

        (6) Dispositive Motions shall be filed on or before January 15, 2015.

    B. <u>With Respect to Trial</u>

        (1) Plaintiff has requested a trial by jury.

        (2) The parties expect any trial to last four full days.

VII. **Settlement**

    A, B, & C    <u>Settlement Discussions, Status, & Conference.</u>

Settlement discussions took place prior to filing of Defendants Motion to Quash, and the last offer was made by Defendant on February 24, 2014 and no response to the same has been received. Defendant has repeatedly noted that it is a business that is not liable for these actions and Plaintiff has refused to dismiss the case. A settlement conference is requested.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
*One of Doe's Attorneys*
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

/s/ Paul J. Nicoletti
Paul J. Nicoletti, Esq. (P-44419)
Nicoletti Law, PLC
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorney for Plaintiff*