**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned to IP Address 98.228.213.184,<br><br>Defendant. | Case No. 1:13-cv-08484<br><br>The Hon. Michael T. Mason |

**MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 4(m) & 41(b)**

NOW COMES JOHN DOE subscriber assigned to IP Address 98.228.213.184 ("Doe"), by and through its counsel, who moves this Honorable Court to dismiss the above captioned action, with prejudice, and in support of the same states as follows:

## I. Introduction & Procedural History

Over seven months ago, Malibu Media, LLC ("Malibu") filed the Complaint in this matter. (ECF Doc. 1). The Complaint alleged, *inter alia*, that Doe directly infringed on Malibu copyrights by illegally downloading and distributing certain pornographic films using the BitTorrent protocol *Id.* After Doe's motion to quash and proceed anonymously was granted in part and denied in part, this matter was transferred, by consent, to Magistrate Judge Michael T. Mason for further proceedings. (ECF Docs. 12, 17, 24, and 30).

## II. Applicable Law

A court must dismiss any action after a Plaintiff fails to serve a defendant within 120 days of filing a complaint. Fed. R. Civ. P. 4(m) (emphasis added). The Seventh Circuit has consistently held that a plaintiff who fails to serve a defendant with summons may face a dismissal of the action with prejudice. *Williams v. Illinois,* 737 F.3d 473, 486 (7th Cir. 2013); *O'Rourke Bros., Inc. v. Nesbitt*

*Burnes, Inc.,* 201 F.3d 948, 952 (7th Cir. 2000); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989); *Dewy v. Farchone*, 460 F2d 1338, 1340-41 (7th Cir. 1972). When the delay in service is sufficiently extensive, it can be indicative of a failure to prosecute under Fed. R. Civ. P. 41(b). *Id.* Courts can *sua sponte* dismiss cases for failure to prosecute. *See, Link v. Wabash R.R.,* 370 U.S. 626, 630 (1962). In fact, it is not required that a defendant be prejudiced by the delay in order to secure a dismissal of the action, with prejudice. *O'Rourke Bros., Inc.,* 201 F.3d at 952, *citing, Washington v. Walker,* 734 F.2d 1237 (7th Cir. 1984).

## III. Application

### A. Rule 4(m) dictates that this case *must* be dismissed

Rule 4(m) requires defendants to be served within 120 days of the filing of a Complaint. Fed. R. Civ. P. 4(m). If the defendant is not so served, the matter must be dismissed. *Id.* This matter was filed two hundred twenty-four days ago. (ECF Doc. 1). No extensions of time for service have been sought, let alone granted. The case should be dismissed.

### B. There is no good cause for an extension of time

In fairness, Rule 4(m) allows for an extension of time for service, but only upon a showing of good cause. *Id.* There is no good cause here. It must go uncontroverted that Malibu is well aware of Rule 4(m). Malibu regularly files for extensions of time[1] and is, perhaps, the most prolific filer of copyright suits, ever.[2] Accordingly, Malibu's failure to seek an extension before the deadline, or in the one hundred four days since is inexcusable.

[1] See, e.g., Order, *Malibu Media, LLC v. Doe,* Docket 13-cv-5486 (PAED May 30, 2014) (granting a *fifth* motion for extension of time).

[2] Despite existing only a few years, a PACER search for Malibu Media as a party in a copyright case will return at least 2,365 cases.

C. While not required for dismissal with prejudice for want of prosecution, Doe has been prejudiced by the delay

While it does not to show prejudice to obtain the relief sought, Doe does so here. The *O'Rourke* court specifically asked itself "whether a dismissal for prejudice for failure to prosecute when the defendant has not been served is order beyond the court's power." 201 F.3d at 952. It had a one-word answer, "no." *Id.* Nonetheless, the Supreme Court has noted that Rule 41(b) dismissals typically involve a defendant that has to work to meet the merits of the case. *Costello v. United States*, 365 U.S. 265, 286 (1961).

Doe has been forced to waste its time, money, and other resources to attend status hearings, to draft and update status reports, to comply with Court orders regarding discovery plans, and so on. It has done so despite not being served for two hundred twenty-four days, and incontrovertibly being the wrong company sued. *See,* Fed. R. Civ. P. 11; Updated Joint Status Report, p. 2 (ECF Doc. 32) ("Malibu has been made aware that the Defendant is a business, and incapable of doing anything, let alone infringing a work. Despite this, Malibu has failed to amend its Complaint.").

The time period, over one hundred days beyond deadline, is indicative of Malibu's want of prosecution. Counsel for Doe has repeatedly sought information on why service was not had. For example, recent emails on June 9, June 20, and June 23 all raised the issue. Not a single email received a response. No summons has been issued, no service has been had, and no request for a waiver of service has been received by counsel for Doe. Additionally, Doe as noted above, has been prejudiced sufficiently to obtain a dismissal of this action for want of prosecution.

**IV. Conclusion**

For the foregoing reasons, Doe respectfully requests that the action against it be dismissed, with prejudice.

Respectfully submitted,

/s/Jonathan LA Philips

Jonathan LA Phillips
One of Doe's Attorneys
456 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
ARDC No. 6302752

**Certificate of Service**

I certify that June 25, 2014 a copy of the foregoing has been filed with the Clerk of the Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Jonathan LA Phillips