UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:13-cv-08484 |
| ) | |
| v. ) | |
| ) | |
| JOHN DOE subscriber assigned IP address ) | |
| 98.228.213.184, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO THE COURT'S MINUTE ENTRY OF 6/26/2014
DIRECTING PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO DISMISS
(CM/ECF 38)**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel hereby respectfully submits the following response to this Court's minute entry of June 26, 2014 directing Plaintiff to respond to Defendant's motion to dismiss explaining why this case should not be dismissed with prejudice. CM/ECF 38. Binding Seventh Circuit precedent holds that Plaintiff has an absolute right to voluntarily dismiss a case before a defendant files an answer or motion for summary judgment. "[O]ne doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute, as Rule 41(a)(1) and the cases interpreting it make clear[.]" *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002). *See also United States v. E. I. du Pont de Nemours & Co.*, 13 F.R.D. 490, 495 (N.D. Ill. 1953) ("this rule accords to the movant an absolute right of dismissal without prejudice if no answer or motion for summary judgment has been filed.") Further, "[o]rdinarily a Rule 41(a)(1)(A)(i) notice of dismissal is self-executing and removes any further authority for the Court to act in the matter." *Belleville v. Cottrell, Inc. Auto Handling Corp.*, 2009 WL 5030757, at *1 (S.D. Ill. 2009) (*citing Smith v. Potter*, 513 F.3d 781, 782 (7th Cir. 2008) also acknowledging that

1

plaintiffs have an "absolute right under Rule 41(a)(1)(A)(i) to dismiss their claims . . .") Therefore, once the notice of voluntary dismissal is filed, the case is done and the court no longer has authority to issue orders.

In *Smith v. Potter*, 513 F.3d 781, 782-83 (7th Cir. 2008), the Seventh Circuit held that the plaintiff's notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1), although improperly titled as a "motion to voluntarily dismiss the plaintiff's complaint," constituted an immediate dismissal of the suit rendering a subsequent order by the district court judge, void.

> The plaintiff sought to dismiss her suit before the defendant filed either an answer or a motion for summary judgment, <u>so the judge was not authorized to dismiss the suit with prejudice</u>. The miscaptioned motion itself <u>effected the dismissal of the suit; the case was gone; no action remained for the district judge to take</u>. Since there was no longer a case pending before him, and since <u>a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, his order was void</u> . . . And, being void, it can have no effect in the present suit . . . 'void judgments are legal nullities.' . . . 'It is as if the suit had never been brought.'

*Id.* (Citations omitted.)

Pursuant to the foregoing authority, Plaintiff respectfully submits that the Court's order directing Plaintiff to respond to Defendant's motion is void, and therefore, Plaintiff need not respond. Upon filing the notice of voluntary dismissal pursuant to Plaintiff's absolute right, this "case was gone; no action remained for the [Court] to take[,]" and the subsequent order is a nullity. *Id.*

Nowithstanding the foregoing, a voluntary dismissal with prejudice in this case would be grossly unfair. Plaintiff never served the Defendant, which is a small closely held business. The infringer is an employee or owner of Defendant. If the case was dismissed with prejudice, it would arguably make Defendant the prevailing party and trigger a motion for attorneys' fees. Awarding fees to Defendant would be unfair because it is likely than an owner or employee of

Defendant committed the infringement.  Further, such award would deter these types of suits and reasonable investigations, which would be contrary to the express purpose of the Copyright Act.  And, Defendant has not prevailed on any issue in this litigation, no discovery has been taken, and the underlying copyright litigation is not being decided on the merits.  Finally, Plaintiff intentionally did not expose itself to a motion for fees as evidenced by Plaintiff's decision not to serve Defendant.  Instead, Plaintiff tried to identify the culpable employee within the Rule 4(m) deadline.  It could not do so but Plaintiff's investigation continues.

For the foregoing reasons, Plaintiff respectfully suggests this Court should strike its Order (CM/ECF 38) and enter an order closing the case for administrative purposes.

DATED: June 27, 2014.

Respectfully submitted,

NICOLETTI LAW, PLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P-44419)
33717 Woodward Ave, #433
Birmingham, MI 48009
Tel: (248) 203-7800
E-Fax: (248) 928-7051
Email: pauljnicoletti@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*